UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA        :

            - v -               :

**TARREL GRANT**                :            **07 Cr. 877 (LTS)**

            Defendant.          :
------------------------------X


### <u>MEMORANDUM OF LAW IN SUPPORT OF</u><br><u>DEFENDANT TARREL GRANT'S MOTION</u><br><u>TO SUPPRESS PHYSICAL EVIDENCE</u>


**LEONARD F. JOY, ESQ.**
Federal Defenders of New York
Attorney for Defendant
            **Tarrel Grant**
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8760



**ROBERT M. BAUM, ESQ.**

    <u>Of Counsel</u>

TO:  MICHAEL J. GARCIA, ESQ.
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York 10007
     Attn:  **KENNETH A. POLITE, JR., ESQ.**
            Assistant United States Attorney


1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA       :

              - v -            :

                                        07 Cr. 877 (LTS)

**TARREL GRANT**                :

              Defendant.    :
------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TARREL GRANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE

### PRELIMINARY STATEMENT

Defendant Tarrel Grant, by undersigned counsel, respectfully submits this Memorandum of Law in support of his Motion to Suppress physical evidence.

Mr. Grant is charged in a one count indictment with a violation of Title 18 U.S.C. §922(g)(1), charging him with possession of a firearm after having been previously convicted of a felony. He seeks an order suppressing physical evidence as having been obtained in violation of his constitutional rights pursuant to the Fourth Amendment.

### STATEMENT OF FACTS

As set forth in the attached Affirmations of counsel, and Tarrel Grant, Mr. Grant was arrested on August 18, 2007 while standing on a public street in the Bronx. See Baum Affirmation (hereinafter "Baum Aff."), at ¶¶'s 6 and 12.

2

Mr. Grant was in close proximity to a marijuana plant which was on a bench nearby. Complaint ¶ 2(b). Police officers approached Mr. Grant to question him. Complaint ¶ 2(b). Mr. Grant told the police officers that the plant belonged to a person whom he knew, who was standing nearby. Grant Affirmation ("Grant Aff.") ¶ 8. Mr. Grant had never touched the plant nor had he ever been in physical possession of the plant. Grant Aff. ¶ 5. The individual who Mr. Grant indicated was the owner of the plant, walked over to the police and told them that the plant belonged to him and that he had taken it from a nearby location. Grant Aff. ¶ 7. On this basis, both Mr. Grant and the other individual were arrested for possession of the marijuana plant. A subsequent search of Mr. Grant revealed a firearm, ammunition, and a small quantity of marijuana.

The subsequent search conducted without probable cause was in violation of Mr. Grant's Fourth Amendment rights. The firearm, ammunition and drugs found in his possession, obtained following his illegal arrest must be suppressed as the fruit of the initial illegality.

## ARGUMENT

**TARREL GRANT WAS ARRESTED WITHOUT PROBABLE CAUSE. ALL PHYSICAL EVIDENCE SEIZED AS A RESULT OF THE INITIAL ILLEGALITY MUST BE SUPPRESSED AS FRUIT OF THE POISONOUS TREE.**

The Fourth Amendment proscribes that "[T]he right of the

3

people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ... ." It is well established that warrantless searches and seizures are per se unreasonable under the Fourth Amendment unless they fall within one of several recognized exceptions. Katz v. United States, 389 U.S. 347, 357 (1967). One such exception occurs when the police conduct a search incident to a lawful arrest. United States v. Robinson, 414 U.S. 218, 230-37 (1973).

In general, probable cause to conduct a warrantless arrest exists when police have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested. Dunaway v. New York, 442 U.S. 200, 208, (1979), Draper v. United States,  358 U.S. 307, 313 (1959), Calamia v. City of New York, 879 F.2d 1025, 1032 (2nd Cir. 1989).

On a motion to suppress on the ground of illegal arrest without a warrant, the burden is on the government to show that there was probable cause for the arrest, after the defendant has made a showing that the circumstances of the arrest raise a question as to its legality. United States v. Pena, 961 F.2d 333, 338-39 (2d Cir. 1992).

Tarrel Grant was arrested for possession of a marijuana plant solely because he was found to be in close proximity, and had knowledge regarding its ownership.

Although Mr. Grant was never observed to be in physical possession of the plant, possession can exist without physical contact if the defendant has dominion and control over the contraband. Under such circumstances, constructive possession occurs. A person has constructive possession of a substance when he has knowledge of the substance's presence and exercises dominion and control over the premises in which the substance is located. Chalmers v. Mitchell, 73 F.3d 1262, 1272 (2d Cir. 1996). A person may also have constructive possession of a substance through an agent if he has sufficient control over the individual who has physical custody of the substance. United States v. Febre, 425 F.2d 107, 111 (2d Cir. 1970). On the other hand, an individual who may facilitate a narcotics seller, but does not have a working relationship with that person such as would enable him to assure delivery, lacks dominion and control and does not have possession of the drugs sold. United States v. Hernandez, 290 F.2d 86, 90 (2d Cir. 1961).

Tarrel Grant, although in close proximity to contraband, denied ownership of the marijuana plant and told the police who actually owned it and had physical possession. That individual not only acknowledged ownership and possession but credibly provided the police with information as to how it was obtained. "The law is well settled, that an individual's mere presence at a location for which probable cause to search exists or in the company of another

for whom probable cause to arrest exists does not, standing alone, give rise to probable cause to arrest that individual." United States v. Heath, 2004 WL 5299599 (W.D.N.Y.), citing United States v. Di Re, 332 U.S. 581 (1948); Sibron v. New York, 392 U.S. 40 (1968); Ybarra v. Illinois, 444 U.S. 85 (1979).

In Di Re, the Supreme Court held that probable cause to arrest the defendant was lacking where it was based on the defendant's presence with another who had committed a crime. 332 U.S. at 593. In Sibron, the Court reaffirmed that an individual's presence with another known to engage in criminal activity does not establish probable cause to arrest. 392 U.S. 40 (1968). In Ybarra, the Court found that proximity to another person engaged in criminal activity does not give rise to probable cause. 444 U.S. at 90. "[A] person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause." Id. at 91.

The defendant's own conduct at the time of the search or seizure is also relevant in the determination of probable cause. United States v. Heath, 2004 WL 5299599 *7. For example, Mr. Grant did not flee or attempt to flee, and gave forthright and truthful statements. In addition, whatever suspicion concerning Mr. Grant may have been harbored by the police, would have been diminished or destroyed by admissions against penal interest and statements made by the individual whom Mr. Grant pointed out as the possessor of

the contraband. <u>See</u> <u>United States v. Di Re</u>, 332 U.S. at 594.

Having made no other observations which would have supported an arrest for probable cause other than the defendant's proximity to contraband and his knowledge of its ownership, there was no probable cause to arrest Mr. Grant.

Following an arrest without probable cause, it is axiomatic that the fruit of the poisonous tree, the initial illegality, is subject to the exclusionary rule. <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

## CONCLUSION

For the foregoing reasons, Tarrel Grant respectfully requests that the Court issue an order suppressing the evidence illegally obtained in violation of his Fourth Amendment rights, as a direct result of an arrest and seizure made without probable cause, and for such other and further relief as the Court deems just and proper, including the filing of post-hearing memoranda if deemed necessary.

Dated:  New York, New York
        October 12, 2007

                            Respectfully submitted,

                            LEONARD F. JOY, ESQ.
                            Federal Defenders of New York

                    By:     _____
                            **ROBERT M. BAUM, ESQ.**
                            Assistant Federal Defender
                            Attorney for Defendant
                                **Tarrel Grant**
                            52 Duane Street - 10th Floor
                            New York, New York 10007

```
TO:        MICHAEL J. GARCIA, ESQ.
           United States Attorney
           Southern District of New York
           One St. Andrew's Plaza
           New York, New York 10007

ATTN:      KENNETH A. POLITE, JR., Esq.
           Assistant United States Attorney
```