07 MAG 1381

Approved: _____
          KENNETH ALLEN POLITE, JR.
          Assistant United States Attorney

Before:   HONORABLE JAMES C. FRANCIS IV
          United States Magistrate Judge
          Southern District of New York

------------------------------------x

UNITED STATES OF AMERICA      :  SEALED COMPLAINT

        v.                        :  Violation of
                                    18 U.S.C. § 922(g)(1)

TARREL GRANT,                :
                                    COUNTY OF OFFENSE:
        Defendant.         :  BRONX

------------------------------------x

SOUTHERN DISTRICT OF NEW YORK, ss.:

        MANUEL MADERA, being duly sworn, deposes and says that he is a New York City Police Department Detective with the Firearms Enhancement Unit, and he charges as follows:

### Count One

        On or about August 18, 2007, in the Southern District of New York, TARREL GRANT, the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, Robbery in the Third Degree, in violation of New York Penal Law 160.05, in Bronx County Supreme Court, unlawfully, willfully, and knowingly, did possess in and affecting commerce, a firearm, to wit, a .25 caliber Bauer pistol, which previously had been shipped and transported in interstate and foreign commerce.

        (Title 18, United States Code, Section 922(g)(1).)

        The bases for my knowledge and for the foregoing charge, is, in part, as follows:

        1.    I am a Detective in the Firearms Enhancement Unit of the New York City Police Department ("NYPD"), and I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the

limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2. I have spoken with an officer of the NYPD ("Officer-1"), who informed me of the following, in substance and in part:

a. On August 18, 2007, at approximately 1:58 a.m., Officer-1 and a second officer (together with Officer-1, the "Officers") while on patrol in the 47th Precinct in the Bronx, observed a male, later identified as TARREL GRANT, the defendant, standing near the corner of White Plains Road and East 215 Street (the "Location"). The Officers observed GRANT leaning against a building while standing next to a bench.

b. After circling the block and observing GRANT still standing at the Location, the Officers exited their patrol vehicle and approached GRANT. While asking GRANT preliminary questions regarding his identity and his purpose for standing at the Location, the Officers observed a marijuana plant on the bench immediately next to GRANT. Without any inquiry from the Officers, GRANT stated, in sum and substance, "It wasn't mine. It's his," while pointing toward a corner down the street from the Location.

c. At that time, Officer-1 observed a second male ("Defendant-2") standing on the corner to which GRANT had pointed. After being signaled by Officer-1, the male walked to the Location. The male then told the Officers that he had taken the plant from a nearby location on East 215th Street.

d. Based on their interactions with both males, the Officers arrested GRANT and Defendant-2 for Criminal Possession of Marijuana in a Public Place in the fifth degree.

3. The Officers promptly transported both TARREL GRANT, the defendant, and Defendant-2 to the 47th Precinct for processing, at which time Officer-1 conducted a search incident to arrest of GRANT. During the search, Officer-1 requested that GRANT remove his shoes. Within GRANT's left sneaker, Officer-1 found a clear plastic bag containing marijuana, and within the right sneaker, a .25 caliber Bauer firearm loaded with a cartridge containing four live rounds.

4.   I have spoken to an Alcohol, Tobacco and Firearms Special Agent, who is an expert in the manufacture of firearms, and who has informed me that the .25 caliber Bauer pistol recovered from TARREL GRANT, the defendant, was not manufactured in the State of New York.

5.   I have reviewed criminal history records pertaining to TARREL GRANT, the defendant, which reflect that the defendant was convicted on or about January 6, 2004, of Robbery in the Third Degree, a Class D felony, in violation of New York Penal Law 160.05, in Bronx County Supreme Court, and was sentenced to one year imprisonment.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of TARREL GRANT, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

MANUEL MADERA
Detective
New York City Police Department

Sworn to before me this
21st day of August 2007

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

-3-