```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA       :

          - V -                :
                                           07 Cr. 877 (LTS)
TARREL GRANT                   :

          Defendant.           :
------------------------------X
```

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT TARREL GRANT'S MOTION
TO SUPPRESS PHYSICAL EVIDENCE**

 

**LEONARD F. JOY, ESQ.**
Federal Defenders of New York
Attorney for Defendant
   **Tarrel Grant**
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8760

**ROBERT M. BAUM, ESQ.**

   Of Counsel

TO:  MICHAEL J. GARCIA, ESQ.
    United States Attorney
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York 10007
    Attn:  **KENNETH A. POLITE, JR., ESQ.**
        Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA       :

        - v -                  :
                                        07 Cr. 877 (LTS)
TARREL GRANT                   :

            Defendant.         :
------------------------------X
```

**REPLY MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANT TARREL GRANT'S MOTION**
**TO SUPPRESS PHYSICAL EVIDENCE**

This reply memorandum is submitted in response to the Government's Memorandum of Law opposing Mr. Grant's Motion To Suppress Evidence on the ground that he was arrested without probable cause in violation of the Fourth Amendment.

The Government argues that probable cause to arrest Mr. Grant existed because his statement, denying ownership of the marijuana plant on a bench nearby " ... made without provocation, evidenced Grant's (I) knowledge that the plant was, in fact, illegal contraband, and (ii) consciousness of criminal activity." See Memorandum of law by Kenneth A. Polite, Jr., on behalf of the Government ("Gov't. Memo") at 5.

The Government's arguments must be rejected as a matter of law. The Government cites one district court decision in support of their argument. United States v. Torres, 2002 WL 72929

2

(S.D.N.Y. 2002). In Torres, the facts were markedly different from the case herein. The finding of probable cause did not rely solely upon the statement made by the defendant. In Torres, the police stopped a car that they had observed go through a red light. They heard an unidentified passenger in the back seat say "the bag's not mine." They saw a large black plastic bag at the feet of the passenger. After properly removing all the passengers from the car, the police opened the bag and found a large amount of cash. The passengers were handcuffed. At that point the driver of the car told police that the passenger in the back seat at whose feet the bag was found, had brought the bag into the car. The arrest was found to have been based on probable cause.

The Supreme Court has already rejected the argument that knowledge of criminal activity gives rise to probable cause to arrest. See United States v. Di Re, 332 U.S. 581 (1948); United States v. Ybarra, 444 U.S. 85 (1979). The Government's arguments, which might justify reasonable suspicion and further inquiry, do not support the arrest of Mr. Grant for possession of the marijuana plant. There are no facts set forth by the Government which would support an arrest based on the officer's belief that Mr. Grant possessed the marijuana plant.

In United States v. Samaria, 239 F.3d 228 (2d Cir. 2001), the Court found that the facts did not support an arrest for possession of stolen goods while defining what constitutes

constructive possession. Agents observed a co-defendant on one occasion placing a large box in the trunk of the defendant's car. On a second occasion the boxes were placed in a car in which the defendant was a passenger. The Court, finding that there was no evidence of constructive possession by the defendant, held, "[T]here was no evidence that Elaiho handled any of the boxes or directed where they were to be taken or what was to be done with them."

The Government's argument that the defendant's statement is a "consciousness of criminal activity," (Gov't Memo at 5) which supports probable cause is a misapprehension of that term. The Second Circuit has held that a suspect's actions which suggest "a consciousness of **wrongdoing**" can contribute to a finding of probable cause. United States v. Vasquez, 683 F2d 507, 522 (2d Cir. 1980) (emphasis added). In Vasquez, the Court found probable cause where the defendants had been recently seen with a suspected drug dealer, then maneuvered their car to indicate that surveillance had been detected, and when officers approached the car, the defendant tried to place a package under the car, then pulled it back into the car and locked the doors. See also United States v. Weithorn, 1988 WL 2479 (E.D.N.Y.). In Weithorn, agents approached the defendant based on direct information from a confidential informant that he was engaged in a telephone call relating to the delivery of drugs. The defendant, who was still

on the phone, spontaneously stated "you got me." Under these circumstances the Court held that the statement was a virtual "confession of guilt" which provided probable cause to initiate an arrest. Id. at *4.

The Government also argues that the statements made by Sharif Landsmark, offering an "innocent explanation," do not negate probable cause. This argument misinterprets the facts of this case. Landsmark did not offer an "innocent explanation." He made a statement to police officers which was a declaration against his penal interest and a confession of guilt. To the extent that it corroborated the innocent explanation by Mr. Grant and did not implicate him, serves to negate any reasonable inference of possession by Mr. Grant. The Supreme Court has held that even reasonable suspicion by police may be "diminished, if not destroyed," by the statements of a witness. United States v. Di Re, 332 U.S. at 593-94.

If the Government's argument in support of probable cause to arrest were accepted by this court, it would subject virtually every innocent bystander who witnesses a crime and volunteers information, to arrest. For example, suppose an innocent bystander saw a man displaying a gun on the street late at night in the Bronx. The police then happen to pass by, which causes the gunman to attempt to throw the gun under a car near the bystander. The police approach and see the gun. The innocent

bystander then says spontaneously, it belongs to "that guy," pointing to a man down the street. Even if the police apprehend the man down the street and he confesses to possession of the gun, it is the Government's theory that probable cause exists to arrest the innocent bystander.

## CONCLUSION

For the foregoing reasons, Tarrel Grant respectfully requests that the Court issue an order suppressing the evidence illegally obtained in violation of his Fourth Amendment rights, as a direct result of an arrest and seizure made without probable cause, and for such other and further relief as the Court deems just and proper, including the filing of post-hearing memoranda if deemed necessary.

Dated:  New York, New York

October 26, 2007

Respectfully submitted,

LEONARD F. JOY, ESQ.
Federal Defenders of New York

By: _____

**ROBERT M. BAUM, ESQ.**
Assistant Federal Defender
Attorney for Defendant
   **Tarrel Grant**
52 Duane Street - 10th Floor
New York, New York 10007