UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

UNITED STATES OF AMERICA,

    -v-                                                                                                            No.  07 Cr. 877 (LTS)

TARREL GRANT,

        Defendant.

---------------------------------------------------------x


## MEMORANDUM ORDER

        Defendant Tarrel Grant is charged in a one-count indictment with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).  On November 14, 2007, the Court held an evidentiary hearing upon Defendant's motion for an order suppressing all of the physical evidence seized from his person subsequent to his arrest on August 18, 2007.

        At the hearing, the Government called one witness: New York City Police Department ("N.Y.P.D.") Officer Talydgeeia Yankey.  The Defendant did not testify.  The Court has carefully considered each of the parties' pre- and post-hearing submissions, and observed carefully the testimony of the witness.

        For the following reasons, the Court finds that the Government has not met its burden of demonstrating, by a preponderance of the evidence in light of totality of the circumstances, that the August 18, 2007, arrest of Mr. Grant was supported by probable cause.  Accordingly, Defendant's motion to suppress the physical evidence seized from his person is

granted.

## BACKGROUND

The Court, having reviewed carefully the evidence and observed the demeanor of the witness, makes the following findings of fact. On August 18, 2007, at approximately 2:00 a.m., N.Y.P.D. Officers Yankey and Stojanovski, both in uniform, were on patrol in a marked police car in the vicinity of East 215th Street and White Plains Road in the Bronx. (Tr. 9-10.) Officer Yankey saw a male, later identified as Mr. Grant, leaning against a wall, which was next to a bench and across the street from a bus stop, near the corner of East 215th Street and White Plains Road. (Id. at 10, 32.) Officer Yankey considered the area to be a "drug-prone location" based on her past observations and information received from fellow officers. (Id. at 11.) The officers drove past Mr. Grant and, within approximately four minutes, circled back to the same location where Mr. Grant was still leaning against the wall near the bench. (Id. at 11-12.) At this point, the officers left their vehicle and approached Mr. Grant, who responded to Officer Yankey's questions as to his identity and his reasons for being at the location (Grant said that he was waiting for someone). Mr. Grant was cooperative and answered Officer Yankey's questions.

While Officer Yankey questioned Mr. Grant, Officer Stojanovski observed a live marijuana plant in the middle of the nearby bench. (Id. at 15.) As the officers were examining the plant, Mr. Grant informed the officers that "It's not my plant." (Id.) Officer Yankey did not see Mr. Grant hold the plant or touch it any way. (Id. at 27.) Mr. Grant then began gesturing towards the corner of East 215th Street and told the officer "that perhaps it was someone over

there that it belongs to." (Id. at 17-18)  Officer Yankey described Mr. Grant's behavior as "erractic," but the Court finds nothing in her testimony or her demonstration of the gestures to justify that characterization.  In response to Defendant's gesturing, Officer Yankey stepped back from her position with Mr. Grant and noticed another male, later identified as Sharif Landsmark, approximately fifty feet away, on the corner of East 215th Street and White Plains Road. (Id. at 18.)  The officers asked Mr. Landsmark whether the marijuana plant was his and he responded that it was, and that he had obtained the plant from a nearby location.  (Id. at 38.)  At that time, Mr. Grant, referring to the plant, again stated "it's not mine, it's his." (Id. at 23.)

After speaking to Mr. Grant and Mr. Landsmark for approximately twelve minutes, Officer Yankey arrested both individuals based on her perceptions about their "association" with each other and with the marijuana plant and her conclusion that "no one was giving [her] clear answers about who really owned it."  (Id. at 24-25.)  At the N.Y.P.D.'s 47th Precinct station house, Officer Yankey conducted a search incident to arrest on Mr. Grant. During that search, Officer Yankey recovered a clear plastic bag containing marijuana from within Mr. Grant's left sneaker and a .25 caliber Bauer firearm from within Mr. Grant's right sneaker.

DISCUSSION

A warrantless arrest is justified if there is "probable cause when the defendant is put under arrest to believe that an offense has been or is being committed." United States v. Cruz, 834 F.2d 47, 50 (2d Cir. 1987).  Probable cause exists "if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy

information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." United States v. Gagnon, 373 F.3d 230, 236 (2d Cir. 2004).

The Government bears the burden of establishing probable cause. See United States v. Elgisser, 334 F.2d 103, 110 (2d Cir. 1964). "The process does not deal with hard certainties, but with probabilities," and the evidence "must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." Texas v. Brown, 460 U.S. 730, 742 (1983) (internal quotations omitted).

The Government first argues that Defendant's unprovoked statement to police denying ownership or possession of the marijuana plant created a basis for perception of a consciousness of criminal wrongdoing which led to a finding of probable cause. A suspect's actions which suggest "a consciousness of wrongdoing" can contribute to a finding of probable cause. United States v. Vasquez, 638 F.3d 507, 522 (2d Cir. 1980). However, the cases in which such a consciousness has been found are distinguishable in that many of them, including the one cited by the Government, involved a defendant who either took evasive actions in the vicinity of law enforcement personnel or made an inculpatory statement to law enforcement. United States v. Cruz, 834 F.2d 47, 51 (2d Cir. 1987) (finding probable cause where, among other things, the defendant drove evasively once police officers attempted to execute a traffic stop); United States v. Weithorn, No. 87 cr. 433, 1988 WL 2479, *4 (E.D.N.Y. Jan. 7, 1988) (finding probable cause when, among other things, the defendant made an inculpatory statement as to his involvement in the criminal activity). In United States v. Torres, No. 98 cr. 183, 2002 WL 72929 (S.D.N.Y. 2002), the district court found probable cause to arrest the defendant based on a variety of

factors, including the defendant's statement to police. In <u>Torres</u>, the police stopped a vehicle in which the defendant was riding. The police observed the vehicle driving evasively and the driver committed a moving violation by driving through a red light. <u>Id.</u> at *4. Once the police officers approached the vehicle, the defendant, sua sponte, denied possession of a bag that was not clearly contraband. <u>Id.</u> The statement denying possession of an item that was not clearly contraband along with the crime-prone area in which the defendant was questioned and the evasive actions of the driver of the vehicle in which the defendant was riding, enabled the district court to find that probable cause existed to justify a police search of the vehicle.

Mere knowledge of criminal activity does not give rise to probable cause. <u>United States v. Ybarra</u>, 444 U.S. 85, 94-95 (1979). The Supreme Court has also noted that it is "not convinced that a person, by mere presence in a suspected [crime scene], loses immunities from search of his person to which he would other otherwise be entitled." <u>United States v. Di Re</u>, 332 U.S. 581, 587 (1948).

Additionally, while the Government need not prove that Mr. Grant physically possessed the marijuana plant, the Government must proffer evidence that Mr. Grant had the "power and intention to exercise dominion and control over an object." <u>United States v. Dhinsa</u>, 243 F.3d 635, 676 (2001). "Mere presence at the location of contraband does not establish possession." <u>United States v. Samaria</u>, 239 F.3d 228, 239 (2d Cir. 2001) (citation omitted).

Here, Defendant's statement denying culpability to the police officers is insufficient to suggest a consciousness of criminal wrongdoing. Specifically, Defendant's actions were not evasive in any way once he was approached by police. He neither attempted to flee the scene nor to conceal or move the marijuana plant. Instead, Defendant engaged in a

conversation with the officers and informed the officers that the marijuana plant belonged to Sharif Landsmark, who was in fact standing nearby.  (Tr. 15-18.)  Mr. Landsmark corroborated Defendant's story when he approached the area in which Mr. Grant was standing and informed the police that the plant belonged to him and that he had taken the plant from a nearby location on East 215th Street. (Id. 23.)  Mr. Landsmark's statement was not an explanation of his innocence, but rather an inculpatory proffer against his penal interest.  Cf. United States v. Cancelmo, 64 F.3d 804, 808 (2d Cir. 1995).  Moreover, unlike the defendant's statement in Torres, which consisted of the denial of ownership of an item whose contents were then unknown, Mr. Grant denied ownership of a two and one-half foot tall marijuana plant, an item that was in plain view and was clearly contraband.

    Nor was the credible testimony as to the circumstances of the arrest sufficient, taken as a whole, to sustain the Government's burden of demonstrating that there was probable cause for the arrest based on indications that the Defendant was in constructive possession of the marijuana plant.  There is no evidence that Defendant handled the marijuana plant, directed its placement on the bench, or was positioned in a way demonstrating that he had control over it.  Therefore, Defendant did not exhibit the dominion or control over the plant necessary to indicate that he constructively possessed it.  Defendant's mere proximity, mere presence, or mere association, to the marijuana plant is insufficient to support a finding of constructive possession.  Samaria, 239 F.3d at 239 (citation omitted).

    Finally, the Court finds the Government's reliance on United States v. Patrick, 899 F.2d 169 (2d Cir. 1990), unpersuasive insofar as it argues that its holding controls the outcome of this case.  The facts in Patrick are distinguishable.  In Patrick, two individuals, Mr.

Patrick and Ms. Taylor, walked into a U.S. Immigration office after crossing the Canadian border.  Although they did not indicate that they were traveling together, each offered "the unusual story of accidently crossing the border into Canada on a bus." Id. 899 F.2d at 171.  Upon hearing the suspicious story, a customs inspector sent each individual to a separate secondary screening area.  The customs officials found no contraband on Mr. Patrick, but found several bags of crack cocaine on Ms. Taylor, and thus arrested both Ms. Taylor and Mr. Patrick.  In reversing the district court's order granting Mr. Patrick's motion to suppress for lack of probable cause, the Second Circuit held that the arresting agents knew "something more" about Mr. Patrick than just his "propinquity" to Ms. Taylor.  Id.  Specifically, the Second Circuit noted that the defendants' suspicious and unusual story and the fact that they entered into the U.S. Immigration office together provided agents with "something more" than just Mr. Patrick's association with Mr. Taylor.  Id.

> The credible evidence on the record of the instant suppression motion does not provide such additional grounds for probable cause.  Defendant and Mr. Landsmark acknowledged their prior acquaintance, and both identified Mr. Landsmark as the owner of the marijuana plant.  Even accepting as true Officer Yankey's testimony that Mr. Grant and Mr. Landsmark tried to communicate with each other once the police had located Mr. Landsmark, nothing in the record other than the officer's rank speculation indicates that the attempted communication was indicative of probable involvement in the commission of a crime.  Nor did the officer even attempt to explain why standing near a live marijuana plant at night in a drug-prone location was indicative of likely illegal activity.  There was no evidence offered as to a local market, for instance, in fresh-picked marijuana leaves.

In sum, the totality of the circumstances are insufficient to demonstrate that there was probable cause to arrest Defendant on August 18, 2007.

## CONCLUSION

Accordingly, Defendant's motion to suppress the evidence obtained on August 18, 2007, during a search incident to Mr. Grant's arrest is granted. This Memorandum Order resolves docket entry no. 12. The next pre-trial conference in this case will be held on January 22, 2008, at 12:30 p.m.

SO ORDERED.

Dated: New York, New York
       January 2, 2008

```
                                        _____
                                        LAURA TAYLOR SWAIN
                                        United States District Judge
```